1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHENZHENSHI DAOSISHANGMAO YOUXIANGONGSI D/B/A SHENZHEN DAOSI TRADING CO., LTD.<br><br>                    PLAINTIFF,<br>v.<br><br>TORRX, INC.<br><br>                    DEFENDANT. | No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT, AND FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE<br><br>**JURY DEMAND** |

### COMPLAINT FOR DECLARATORY JUDGMENT

Shenzhenshi daosishangmao youxiangongsi d/b/a Shenzhen Daosi Trading Co., Ltd ("Daosi" or "Plaintiff") files this Complaint for Declaratory Judgment against TorrX, Inc. ("TorrX" or "Defendant") and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for: (i) a declaratory judgment of noninfringement arising under the patent laws of the United States, Title 35 of the United States Code; and (ii) tortious interference with prospective economic advantage and/or contractual relationships.

2.      TorrX purports to be the owner of U.S. Patent No. 11,084,339 (the "'339 Patent" or "Patent-at-Issue") (attached as Exhibit A).

COMPLAINT – 1
No.

3.    TorrX's actions and statements, including its allegations of infringement of the '339 Patent by Plaintiff Daosi as detailed below, have created a real and substantial controversy that warrants issuance of a declaratory judgment of noninfringement by Plaintiff Daosi of the '339 Patent.

## PARTIES

4.    Plaintiff Daosi is a limited liability company organized under the laws of the People's Republic of China, with its principal place of business at Room 401-22, Building 2, Anbo Technology Baolong Factory Area, No. 2, Baolong Fourth Road, Baolong Community, Baolong Street, Longgang District, Shenzhen, Guangdong Province.

5.    On information and belief, Defendant TorrX is a corporation with a principal place of business at 218 Main Street, Suite 798, Kirkland, WA 98033.

## JURISDICTION AND VENUE

6.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7.    Personal jurisdiction is proper in this Court at least because, on information and belief, TorrX resides in Kirkland Washington, which is within this District.  Moreover, TorrX's actions have affected Plaintiffs' ability to sell their products to consumers in this District, and TorrX thus had fair warning that it may be hauled into court here.  Further, on information and belief, TorrX has sent correspondence to Amazon.com from this district, charging Plaintiff Daosi with infringing TorrX's U.S. patents, and seeking to interfere with Plaintiff Daosi's attempts to market its products into the United States, including this District.  As widely known, Amazon's principal place of business is in Seattle, Washington, and on information and belief,

COMPLAINT – 2
No.

Amazon administers the patent infringement complaint program in whole or in part from its Seattle offices.  By choosing to initiate the patent infringement complaint process through Amazon, TorrX agreed to litigate related matters in this District and should reasonably expect to face litigation in this district.

8.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c)(2) because a substantial part of the events giving rise to the claims occurred in this District and because Defendant is subject to personal jurisdiction in this District.  Venue is proper over TorrX because it has a physical address in this District.

9.      For the reasons set forth below, a substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

## **BACKGROUND**

10.      Until recently, Plaintiff Daosi has sold electronic ball pumps through Amazon.com under ASIN B0FJRMCZR5 ("Product-at-Issue").

11.      The '339 Patent is entitled "AUTOMATIC ELECTRONIC AIR PUMP." The '339 Patent bears the issuance and publication date of August 10, 2021.

12.      On information and belief, sometime prior to September 26, 2025, Defendant sent communications to Amazon.com claiming that the Product-at-Issue infringes the '339 Patent and requesting that Amazon.com remove the ASIN listings for the Product-at-Issue through Amazon Patent Evaluation Express Program (APEX).

13.      On or about September 26, 2025, Plaintiff Daosi received an email from Amazon.com stating that it had received a complaint from Defendant claiming that the Product-at-Issue infringes the '339 Patent.  (A copy of the email is attached as Exhibit B.)  The Amazon.com email stated that Amazon.com would remove listings for the Product-at-Issue unless, *inter alia*, Plaintiff Daosi contacts Defendant to resolve the dispute or files an action for

**CORR CRONIN** LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

declaratory judgment of non-infringement of the '339 Patent within three weeks.

14.     On or about October 21, 2025, Plaintiff Daosi received an email from Amazon.com stating that it has removed the listings of the Product-at-Issue.  (A copy of the email is attached as Exhibit C.)

15.     Removal of the Amazon.com listings for the Product-at-Issue threatens to cause substantial harm to Plaintiff Daosi's business selling the Product-at-Issue.  A substantial share of the Product-at-Issue's sales are made through orders received on Amazon.com.

<u>**COUNT I:**</u>

<u>**DECLARATION OF NONINFRINGEMENT**</u>

16.     Plaintiff repeats and realleges the allegations in proceeding paragraphs as though fully set forth herein.

17.     Plaintiff has not infringed and do not infringe, directly or indirectly, claims of the '339 Patent.

18.     Independent claim 1 of the '339 Patent recites:

1. A system comprising:

at least one processor; and

a non-transitory machine-readable medium comprising stored processor-executable instructions, wherein the stored processor-executable instructions, when executed by the at least one processor, cause the at least one processor to:

receive, by an electronic air pump, a target pressure for an object;

measure, by the electronic air pump, a current air pressure of the object; and

determine, by the electronic air pump, that the current air pressure of the object is greater than the target pressure;

the non-transitory machine-readable medium comprising further stored processor-executable instructions that, when the current air pressure of the object is greater than the target pressure, cause the at least one processor to:

COMPLAINT – 4
No.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

automatically deflate, by the electronic air pump, the object for a predetermined time period;

wait a specified period of time after closing a solenoid valve before measuring a second air pressure of the object, and

output, by the electronic air pump, an indication that the object has been pressurized to the target pressure.

19.    Product-at-Issue does not comprise at least "automatically deflate, by the electronic air pump, the object for a predetermined time period" and/or "wait a specified period of time after closing a solenoid valve before measuring a second air pressure of the object" as properly construed in independent claim 1 as described in the specification and shown in the drawings of the '339 Patent.

20.    Because the Product-at-Issue does not meet, literally or under the doctrine of equivalents, at least one limitation of the independent claim 1 of the '339 Patent, the manufacture, use, sale, offer for sale, or importation of the Product-at-Issue does not infringe claim 1 of the '339 Patent.

21.    Independent claim 6 of the '339 Patent recites:

6. A system comprising:

at least one processor; and

a non-transitory machine-readable medium comprising stored processor-executable instructions, wherein the stored processor-executable instructions, when executed by the at least one processor, cause the at least one processor to:

receive, by an electronic air pump, a target pressure for an object;

measure, by the electronic air pump, a current air pressure of the object, wherein measuring the current air pressure of the object comprises averaging a plurality of air pressure sample measurements taken at specified intervals;

the non-transitory machine-readable medium comprising further stored processor-executable instructions that, when the current air pressure of the object is less than the target pressure, cause the at least one processor to:

COMPLAINT – 5
No.

automatically inflate, by the electronic air pump, the object for a predetermined time period; and

output, by the electronic air pump, an indication that the object has been pressurized to the target pressure.

22.     Product-at-Issue does not comprise at least "measuring the current air pressure of the object comprises averaging a plurality of air pressure sample measurements taken at specified intervals" and/or "automatically inflate, by the electronic air pump, the object for a predetermined time period" as properly construed in independent claim 6 as described in the specification and shown in the drawings of the '339 Patent.

23.     Because the Product-at-Issue does not meet, literally or under the doctrine of equivalents, at least one limitation of the independent claim 6 of the '339 Patent, the manufacture, use, sale, offer for sale, or importation of the Product-at-Issue does not infringe claim 6 of the '339 Patent.

24.     Independent claim 12 of the '339 Patent recites:

12. A non-transitory computer-readable medium comprising stored processor-executable instructions, wherein the stored processor-executable instructions, when executed by the at least one processor, cause the at least one processor to:

receive, by an electronic air pump, a target pressure for an object;

measure, by the electronic air pump, a current air pressure of the object, wherein measuring a current air pressure of the object comprises averaging a plurality of air pressure sample measurements taken at specified intervals;

the non-transitory computer-readable medium comprising further stored processor-executable instructions that, when the current air pressure of the object is less than the target pressure, cause the at least one processor to:

automatically inflate, by actuating a pump motor in the electronic air pump, the object for a predetermined time period; and

output, by the electronic air pump, an indication that the object has been pressurized to the target pressure.

25.     Product-at-Issue does not comprise at least "measuring a current air pressure of the object comprises averaging a plurality of air pressure sample measurements taken at

COMPLAINT – 6
No.

1    specified intervals" and/or "automatically inflate, by actuating a pump motor in the electronic

2    air pump, the object for a predetermined time period" as properly construed in independent

3    claim 12 as described in the specification and shown in the drawings of the '339 Patent.

4        26.    Because the Product-at-Issue does not meet, literally or under the doctrine of

5    equivalents, at least one limitation of the independent claim 12 of the '339 Patent, the

6    manufacture, use, sale, offer for sale, or importation of the Product-at-Issue does not infringe

7    claim 12 of the '339 Patent.

8        27.    Product-at-Issue does not infringe any of the dependent claim of the '339 Patent

9    that depends from the corresponding non-infringing independent claims of the '339 Patent.

10       28.    Plaintiff is entitled to a declaratory judgment that neither it nor its customers,

11   distributors, or end-users have not infringed and are not infringing any claim of the '339 Patent,

12   literally or under the doctrine of equivalents.

13       29.    Plaintiff is entitled to a declaratory judgment that neither it nor its customers,

14   distributors, or end-users have induced others to infringe any claim of the '339 Patent, literally

15   or under the doctrine of equivalents.

16   ## COUNT II:

17   ## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

18       30.    Plaintiff incorporates by reference the preceding paragraphs as though fully set

19   forth herein.

20       31.    Plaintiff Daosi had a business relationship with Amazon.com pursuant to which

21   Plaintiff was permitted to sell the Product-at-Issue on the Amazon.com platform.

22       32.    Plaintiff Daosi reasonably expected that it would continue selling the Product-

23   at-Issue on Amazon.com and that it would maintain its marketplace ranking, customer reviews,

24   and business momentum.

25

COMPLAINT – 7
No.

33.    Defendant was aware of Plaintiff Daosi's business relationship with Amazon.com and of Plaintiff Daosi's expectation of continued sales.

34.    Defendant willfully, intentionally, and unjustifiably induced Amazon to terminate Plaintiff Daosi's expectancy of continued sales by submitting objectively false and bad faith patent infringement complaints, despite knowing that the '339 Patent is not infringed by the Product-at-Issue.

35.    As a direct result of Defendant's wrongful conduct, Plaintiff Daosi has been prevented from selling the product on Amazon.com, has lost sales and customer goodwill, and has suffered reputational harm to its seller profile.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

a.    Declaring that Plaintiff and its customers, distributors, and end users have not and do not infringe, directly, contributorily, by inducement, literally or by equivalents, jointly, or willfully, the '339 Patent by making, using, selling, offering to sell, and/or importing the Product-at-Issue;

b.    Declaring that the Product-at-Issue does not infringe, directly, contributorily, by inducement, literally or by equivalents, jointly, or willfully, the '339 Patent;

c.    Ordering that Defendant shall immediately withdraw or revoke any complaint submitted to Amazon alleging infringement of the '339 Patent with respect to Plaintiff's Product-at-Issue;

d.    Award Plaintiff a preliminary and permanent injunctive relief enjoining Defendant and those in privity with Defendant from asserting the '339 Patent against the Product-at-Issue, including but not limited to any further notices or correspondence directed to Amazon or any third-party platform;

COMPLAINT – 8
No.

e.     Ordering Defendant to file with the Court, and serve on Plaintiff's counsel, within fourteen (14) days of the entry of such order, a written report under oath confirming compliance with any injunctive relief granted by this Court;

f.     Awarding Plaintiff damages or restitution sufficient to compensate for lost sales and revenue resulting from the delisting of the Product-at-Issue on Amazon, in an amount to be determined at trial;

g.     Awarding Plaintiff damages for losses arising from stranded inventory, storage fees, and inventory removal expenses caused by Amazon's delisting of the Product-at-Issue, in an amount to be determined at trial;

h.     If the facts demonstrate that the case is exceptional within the meaning of 35 U.S.C. § 285, an award to Plaintiff of its reasonable attorneys' fees, expenses, and costs associated with this action;

i.     A judgment that Defendant has tortiously interfered with Plaintiff's prospective economic advantage; and

j.     Awarding Plaintiff any other remedy or relief to which it may be entitled and which the Court deems just, proper, and equitable.

## FDEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues that may be determined by a jury.

DATED November 18, 2025.

CORR CRONIN LLP

*s/ Todd T. Williams*
Todd T. Williams, WSBA No. 45032

*s/ Eric A. Lindberg*
Eric A. Lindberg, WSBA No. 43596

COMPLAINT – 9
No.

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1   CORR CRONIN LLP
    Todd T. Williams, WSBA No. 45032
2   Eric A. Lindberg, WSBA No. 43596
    1015 Second Avenue, Floor 10
3   Seattle, Washington 98104-1001
    Tel: (206) 625-8600
4   elindberg@corrcronin
    twilliams@corrcronin.com
5
6   Jason Xu *(PHV forthcoming)*
    1050 Connecticut Ave. NW, Suite 500
7   Washington, D.C. 20036
    (202) 470-2141
8   jason.xu@rimonlaw.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT – 10
No.